IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT J. L.,[1]                          3:19-cv-01471-BR

            Plaintiff,                    OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

            Defendant.


**H. PETER EVANS**
Evans & Evans, P.C.
520 S.W. Sixth Ave., Ste. 1050
Portland, OR  97204
(503) 200-2723

        Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

───────────────────────

        [1] In the interest of privacy this Court uses only the first
name and the initial of the last name of the nongovernmental
party in this case.  Where applicable, this Court uses the same
designation for the nongovernmental party's immediate family
member.


1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**KATHERINE WATSON**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2139

       Attorneys for Defendant

**BROWN, Senior Judge.**

     Plaintiff Robert J. L. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

     For the reasons that follow, the Court **AFFRIMS** the decision of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

     On October 27, 2016, Plaintiff protectively filed his application for SSI benefits.  Tr. 15, 165, 175.[2]  Plaintiff

────────────────

    [2] Citations to the official Transcript of Record (#9) filed by the Commissioner on January 22, 2020, are referred to as "Tr."

2 - OPINION AND ORDER

originally alleged a disability onset date of July 1, 2013.
Tr. 15, 165.  Plaintiff's application was denied initially and
on reconsideration.  An Administrative Law Judge (ALJ) held a
hearing on July 17, 2018.  Tr. 15, 30-62.  At the hearing
Plaintiff amended his alleged disability onset date to
October 27, 2016, the date of his application for benefits.
Tr. 35-36.  Plaintiff and a vocational expert (VE) testified at
the hearing.  Plaintiff was represented by an attorney at the
hearing.

On September 20, 2018, the ALJ issued an opinion in which
he found Plaintiff is not disabled and, therefore, is not
entitled to benefits.  Tr. 15-25.  Plaintiff requested review by
the Appeals Council.  On July 13, 2019, the Appeals Council
denied Plaintiff's request to review the ALJ's decision, and the
ALJ's decision became the final decision of the Commissioner.
Tr. 1-3.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On September 12, 2019, Plaintiff filed a Complaint in this
Court seeking review of the Commissioner's decision.


## BACKGROUND

Plaintiff was born on January 2, 1980.  Tr. 24, 165.
Plaintiff was 36 years old on his amended alleged disability

onset date.  Tr. 24.  Plaintiff has limited education, but he is able to read.  Tr. 18, 24, 56.  Although Plaintiff has worked as a line cook and a cook/janitor, he does not have any past relevant work experience.  Tr. 24, 49, 56-57, 213.

Plaintiff alleges disability due to carpal-tunnel syndrome, fibromyalgia, degenerative disc disease, chronic low-back pain, obesity, and asthma.  Tr. 63, 76.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 20-24.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to

allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the

Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## <u>DISABILITY ANALYSIS</u>

### I.   The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. § 416.920(a)(4)(i). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The

criteria for the listed impairments, known as Listings, are
enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed
Impairments).

If the Commissioner proceeds beyond Step Three, he must
assess the claimant's residual functional capacity (RFC).  The
claimant's RFC is an assessment of the sustained, work-related
physical and mental activities the claimant can still do on a
regular and continuing basis despite his limitations.  20 C.F.R.
§ 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A
'regular and continuing basis' means 8 hours a day, for 5 days a
week, or an equivalent schedule."  SSR 96-8p, at *1.  In other
words, the Social Security Act does not require complete
incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec.
Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v.
Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the
Commissioner determines the claimant retains the RFC to perform
work he has done in the past.  20 C.F.R. § 416.920(a)(4)(iv).
*See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine
whether the claimant is able to do any other work that exists in
the national economy.  20 C.F.R. § 416.920(a)(4)(v).  *See also*

*Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the
Commissioner to show a significant number of jobs exist in the
national economy that the claimant can perform.  *Lockwood v.*
*Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).
The Commissioner may satisfy this burden through the testimony
of a VE or by reference to the Medical-Vocational Guidelines (or
the grids) set forth in the regulations at 20 C.F.R. part 404,
subpart P, appendix 2.  If the Commissioner meets this burden,
the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).

## <u>ALJ'S FINDINGS</u>

At Step One the ALJ found Plaintiff has not engaged in
substantial gainful activity since October 27, 2016, Plaintiff's
application date.  Tr. 17.

At Step Two the ALJ found Plaintiff has the severe
impairments of carpal-tunnel syndrome, fibromyalgia,
degenerative disc disease, obesity, and asthma.  Tr. 17.

At Step Three the ALJ concluded Plaintiff's medically
determinable impairments do not meet or medically equal one of
the listed impairments in 20 C.F.R. part 404, subpart P,
appendix 1.  Tr. 18.  The ALJ found Plaintiff has the RFC to
perform light work with the following limitations:  can

occasionally crawl, stoop, crouch, kneel, or climb; can frequently handle and finger with both hands; and should avoid concentrated exposure to dust, fumes, gases, poor ventilation, and other noxious odors.  Tr. 19.

At Step Four the ALJ concluded Plaintiff has not done any past relevant work.  Tr. 24.

At Step Five the ALJ found Plaintiff can perform other jobs that exist in the national economy such as production assembler, sales attendant, and packager.  Tr. 25.  Accordingly, the ALJ found Plaintiff is not disabled.  Tr. 25.

## DISCUSSION

Plaintiff contends the ALJ erred when he failed to provide legally sufficient reasons to discount the opinions of Tatsuro Ogisu, M.D., and Raymond Nolan, M.D., examining physicians.

**I.   The ALJ properly evaluated the medical opinions of Drs. Ogisu and Nolan.**

Plaintiff contends the ALJ improperly rejected the opinions of Drs. Ogisu and Nolan.

**A.   Standards**

"In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability -- the claimant's ability to

9 - OPINION AND ORDER

perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).  "In conjunction with the relevant regulations, [courts] have . . . developed standards that guide [the] analysis of an ALJ's weighing of medical evidence." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008).

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.*  An ALJ can satisfy the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick,* 157 F.3d at 725.  "The ALJ must do more than state conclusions.  He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citation omitted).

**B.   Analysis**

**1.   Dr. Ogisu**

Plaintiff contends the ALJ failed to "clearly articulate" his reasons for rejecting Dr. Ogisu's opinion.

On June 29, 2015, Dr. Ogisu performed a comprehensive musculoskeletal examination of Plaintiff.  Tr. 262-66.

Dr. Ogisu diagnosed Plaintiff with low-back pain, bilateral
carpal-tunnel syndrome, right-shoulder injury (which was
resolved), bilateral femoral cutaneous neuropathy, and obesity.
Dr. Ogisu opined Plaintiff had the following functional
limitations:  can sit for up to six hours in an eight-hour
workday; can stand for up to four hours but less than six hours
in an eight-hour workday; can walk for up to four hours but less
than six hours with standing and walking combined for up to less
than 6 hours in an eight-hour workday; can occasionally carry up
to 20 pounds; can frequently carry ten pounds; can occasionally
handle with both hands; and is not restricted on reaching.
Tr. 266.

As noted, Dr. Ogisu found Plaintiff was limited to
standing for up to four hours but less than six hours in an
eight-hour workday.  Dr Ogisu's opinion, however, conflicts with
the September 2015 opinion of Neal Berner, M.D., a state-agency
consultant who found Plaintiff was able to stand and/or to walk
and to sit for six hours in an eight-hour workday.  Tr. 70.  In
addition, in January 2017 Dr. Berner and Lloyd Wiggins, M.D.,
another state-agency consultant, reached the same conclusion.
Tr. 81, 96.

The Ninth Circuit has noted that "[m]edical opinions

11 - OPINION AND ORDER

that predate the alleged onset date are of limited relevance."
*Carmickle v. Comm. Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th
Cir. 2008).  Dr. Ogisu's June 2015 opinion predated Plaintiff's
alleged disability onset date of December 2016.  The ALJ noted
evidence that predated the alleged disability onset date was
"solely for the purpose of placing current medical conditions in
historical perspective only."  Tr. 20.  Nevertheless, the ALJ
considered all of the medical records, "which could conceivably
have a bearing on the period in question, regardless of date."
Tr. 20.

    Plaintiff asserts Dr. Ogisu's limitations regarding
Plaintiff's ability to stand and/or to walk conflict with the
ALJ's assessment that Plaintiff could perform light work.
Plaintiff points to Social Security Ruling (SSR) 83-10 that
provides:  "[T]he full range of light work requires standing or
walking, off and on, for a total of approximately 6 hours in an
8-hour workday."  1983 WL 31251, at *6.  Plaintiff contends the
limitations found by Dr. Ogisu do not "squarely fit" within the
definition of light work, and the ALJ failed to reconcile that
conflict.

    The ALJ, however, gave "no weight" to Dr. Ogisu's
limitation to occasional handling on the ground that it was not

consistent with the medical records or with Dr. Ogisu's own examination.  Tr. 22.  Dr. Ogisu's examination showed Plaintiff had full grip strength bilaterally, that Plaintiff's manual dexterity was "good," and that Plaintiff was able to open and to close a safety pin without difficulty.  Tr. 22, 264.  In addition, the medical records reflect Plaintiff had full range of motion in his shoulders, elbows, forearms, wrists, and hands, and there was not any loss of functioning in his hands or wrists.  Tr. 22, 264-65.  The ALJ concluded Dr. Ogisu's opinion supports "a limitation to the less than full range of light work."  Tr. 22.

On this record the Court concludes the ALJ properly discounted the opinion of Dr. Ogisu and provided legally sufficient reasons supported by substantial evidence in the record for doing so.

### 2.  Dr. Nolan

On January 9, 2017, Dr. Nolan performed a comprehensive musculoskeletal examination of Plaintiff. Tr. 616-19.  Dr. Nolan diagnosed Plaintiff with fibromyalgia, chronic low-back pain, and carpal-tunnel syndrome.  Tr. 618. Dr. Nolan opined Plaintiff had the following limitations:  can occasionally bend, twist, and turn; can occasionally engage in

repetitive activities; can frequently lift up to 10 pounds; can
occasionally lift 20 pounds; can sit for 45 minutes at a time
for at least six hours in an eight-hour workday; can stand
and/or walk for 45 minutes at a time for at least four hours in
an eight-hour workday; and should minimize strenuous physical
activity.  Tr. 618-19.

        Plaintiff asserts the ALJ "implicitly rejected"
Dr. Nolan's opinion when the ALJ failed to include in his
evaluation of Plaintiff's RFC the limitations found by
Dr. Nolan.

        The ALJ gave Dr. Nolan's opinion "some weight" to the
extent that it was consistent with the ALJ's evaluation of
Plaintiff's RFC.  Tr. 23.  For example, the ALJ noted physical
examinations during the relevant period generally showed
Plaintiff had a normal gait and station, good range of motion,
and intact muscle strength.  Tr. 21-22.  In March 2015 Daniel
Albrecht, M.D., an examining physician, noted Plaintiff walked
without antalgia, showed "normal station," had "very good"
lumbar and hip range of motion, and intact strength.  Tr. 626,
653.

        The ALJ also relied on the opinions of the state-
agency consultants who found Plaintiff could sit, stand, and/or

walk for six hours in an eight-hour workday.  Tr. 69-71, 81-83, 95-97.  The ALJ concluded the state-agency consultants' opinions were consistent with and supported by the medical records, and their opinions supported a limitation to less than the full range of light work.  Tr. 23-24.

In summary, the ALJ concluded Dr. Nolan's opinion supports "a limitation to the less than full range of light work" and "is generally supported by the medical record." Tr. 23.

On this record the Court concludes the ALJ properly evaluated the opinion of Dr. Nolan and provided legally sufficient reasons supported by substantial evidence in the record for doing so.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSED** this matter.

IT IS SO ORDERED.

DATED this 17th day of August, 2020.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge

15 - OPINION AND ORDER